IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL DAVID JOHNSON, § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. 1:20-cv-00077 |
| § § | |
| VANCE WELTNER, § Individually and COUNTY OF § BASTROP, TEXAS, § § | |
| Defendants. | |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Michael David Johnson and files Plaintiff's Original Complaint referencing unconstitutional actions of Defendants Vance Weltner, a person who was a Bastrop Sheriff Officer in Bastrop County,Texas, hereinafter called Defendants, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff Michael David Johnson is an adult male. Plaintiff is a citizen of the State of Texas and United States. Plaintiff resided in Bastrop County, Texas at all times relevant to this incident.

2. Defendant Vance Weltner, Individually, was employed as a sheriff deputy working in the Bastrop County Sheriff's Department at all times relevant to this incident. Defendant should be served at Lee County Sheriff's Office located at **2122 FM 448, Giddings, Texas 78942.**

3. Bastrop County is a governmental entity located in Bastrop County, Texas. Process for this Defendant should be served to Judge Paul Pape, County Judge, located at Bastrop County Courthouse, **804 Pecan Street, Bastrop, Texas 78602.**

## JURISDICTION

4. The action arises under 28 U.S.C. Section 1331 and 1443 and statutory provisions as hereinafter more fully appears.

5. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

6. This is an action under Title 42 U.S.C. Section 1983 as amended by the Civil Rights Act of 1991 and the Fourth and Fourteenth Amendments to correct unlawful and unconstitutional practices and policies.

## FACTS

7. On August 3rd, 2018, Michael David Johnson was arrested in Bastrop County and delivered into the Bastrop County Jail, Bastrop Texas, to be detailed. While in the care, custody and control of the Bastrop County Sheriff, Michael David Johnson was placed in handcuffs and being processed into the jail. While being controlled and held by Vance Weltner, a sheriff deputy officer and an employee and agent of the Bastrop County Sheriff's Department, Michael David Johnson was brutally, illegally and cruelly assaulted and injured. Without justification, Defendant Vance Weltner used unreasonable and unnecessary force to throw Plaintiff to the concrete floor and forcefully cause serious injury, damages and pains to Plaintiff. Defendant Weltner purposely and intentionally slammed Plaintiff's head, face and body into the ground. Plaintiff could not cushion his falling as he was handcuffed behind his back and fell, face first, to the floor. Plaintiff's injuries included receiving a fractured eye socket, ten stitches to his right eye and head area, neck and back pain, dizziness, confusion, constant head aches, large hematoma, lacerations and massive eye swelling and bruising. All of the injuries caused to Plaintiff were proximately caused by the actions of Defendants, inside the Bastrop County Jail.

### EXCESSIVE FORCE

8.      Defendant, Vance Weltner's actions, as described herein, were intentional and done with conscious indifference to the rights, safety and suffering of Michael David Johnson. All Defendant Weltner's actions were unnecessary, unreasonably and excessively violent and exceeding the actions of a reasonable sheriff deputy officer. Defendant's actions were done for the sole purpose of causing serious bodily injuries and depriving Plaintiff of rights assured by the Fourth and Fourteenth Amendments to the U.S. Constitution and Federal laws. Defendant's actions were in violation of 42 U.S.C. Section 1983.

### NEGLIGENT TRAINING, FAILURE TO DISCIPLINE AND IMPROPER RETENTION BY THE COUNTY OF BASTROP

9.      Plaintiff alleges that the conduct of Defendant County Bastrop, Texas constituted negligent training, failure to discipline and improper retention. Plaintiff alleges that Defendant County of Bastrop, its sheriff's department and sheriff did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Defendant Vance Weltner was unfit, incompetent, or a danger to third parties. Bastrop's Sheriff Department, its officers and administrators, had actual knowledge that Weltner had continuously used excessive force when handling arrested individuals in the past, but never took any actions to prevent what occurred to Plaintiff. Additionally, Defendants failed and refused to discipline and retrain Defendant Weltner after having actual knowledge that his actions were continuously reported as being unnecessary, excessive, abusive and not those of a reasonable officer. Defendants also failed and refused to terminate Defendant Weltner even though County Sheriff had actual knowledge that Weltner was continuously violating individuals' civil rights and Bastrop sheriff department's written policies. Defendant Bastrop had Internal Affairs and Use of Force documents which evidenced that Weltner used force and was complained about more than any other officers for prior civil rights violations. Defendant County failed and refused to provide meaningful and proper training which related to use of force during and

after arrest and failed to train Weltner in the proper and constitutional methods to move individuals in their control. Bastrop's failure to exercise reasonable care in the training/failure to retrain and retention of Vance Weltner was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues. Defendant failed and refused to punish Weltner based upon his previous uses of excessive force against other individuals prior to Plaintiff.

**POLICIES, PRACTICES AND PROCEDURES**
**BY SHERIFF DEPARTMENT & COUNTY BASTROP TEXAS**

10.    The actions of Vance Weltner existed and were tolerated because of the absence of reasonable and constitutional policies against the use of excessive force and the failure to compel compliance with written police policies. Weltner and other officers was allowed to ignore written policies, if and where they existed, and to make his daily uses of excessive force the policy and practice of the Bastrop County. Defendant's officers had actual knowledge that their unreasonable and excessive uses of force would not cause them to be terminated or disciplined in any manner or means. Defendant County had established a policy, practice and procedure of protecting its officers who violated citizens civil rights and continuously used excessive force without being disciplined or retrained and without any records or evidence of their using unreasonable and/or excessive force. Defendant Weltner had actual knowledge and belief that Bastrop's written practices protected his daily actions, as used against Plaintiff. Defendant County continued its unwritten practice and policy by failing and refusing to discipline and or reprimand officers who used unconstitutional actions which violated individual's civil rights. Bastrop's failure to discipline, retrain and terminate officers who violate individuals constitutional rights has allowed and encouraged Weltner and other officers to view such actions as the unwritten policies, practices and procedures of Bastrop County. These failures and refusals by Defendant County are a proximate cause of Plaintiff's injuries and damages.

**DAMAGES**

11.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described herein above:

    a.    Physical pain, injury

    b.    All reasonable and necessary Attorney's fees on behalf of Plaintiff,

    c.    All costs and fees incurred in pursuit of this suit;

    d.    Emotional pain;

    e.    Inconvenience;

    f.    Prejudgment and Post judgment interest;

    g.    Injuries to face, head and body;

    h.    Mental anguish in the past and in the future;

    j.    All Appeal Cost and Expenses

## EXEMPLARY DAMAGES

12.    Plaintiff would further show that the actions of Defendant Vance Weltner were intentional and consciously committed with malice and reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to Defendant Weltner and, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

    Respectfully submitted,

    BOBBY R TAYLOR

    By: /s/Bobby Taylor
    Bobby R. Taylor

Texas Bar No. 19685500
1709 E. Martin L. King Jr. Blvd
Austin, Texas, 78702
Tel. 512-476-4886
Fax. (512)476-2818
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**